THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARENCE T. BARRETT and the said CLARENCE T. BARRETT, Appellants, v. DANIEL DEMPSEY, Respondent.

*Chapter 170 of 1862 — superintendent of poor in Richmond county — vacancies in such office — how filled.*

Chapter 170 of 1862, after providing for the election and classification of five superintendents of the poor, so that the term of office of one of them shall expire each year, directs that there shall annually, thereafter, be elected one person to fill the office of the superintendent, whose term expires on the first of January next ensuing. In the fall of 1873, one Heal was elected, but failed to file his bond. The supervisors, acting under chapter 498 of 1847, appointed one Neville to fill the vacancy. At the election in 1874, one Dempsey, was elected to fill the vacancy, on the assumption that Neville's term then ceased. In 1878, at the election prior to January 1, 1879, at which latter time Heal's term would have expired, the relator was elected to fill his place ; Dempsey, claiming to hold for five years from the time of his election in 1874, refused to surrender the office.

*Held*, that as the act of 1862 made no provision for filling any vacancy by an election, Neville's appointment was good for the whole vacancy.

That, in any event, Dempsey's term ceased on the expiration of the term, to fill a vacancy in which he was elected.

That the relator was entitled to the office.

APPEAL from a judgment, entered in this action, dismissing the plaintiff's complaint, and from an order setting aside and vacating a verdict in favor of plaintiff, and ordering judgment in favor of the defendant.

This action was brought to try the title to the office of superintendent of the poor of the town of Castleton, in Richmond county.

In November, 1873, one Nathan M. Heal was elected superintendent of the poor from Castleton for five years, commencing January 1, 1874, ending January 1, 1879. He failed to file his bond, and the supervisors, assuming that a vacancy existed, appointed John S. Neville to the office for the vacancy.

At the annual election in 1874, candidates for the office in question were voted for, and Daniel Dempsey, the defendant, was voted for to fill the supposed vacancy in Heal's term, and was declared elected "to fill such vacancy."

At the election in 1878, Barrett and Dempsey were candidates for the same office, and Barrett was elected.

Dempsey, however, still retains the office, claiming that his election in 1874 was necessarily for a full term of five years, and that the election in 1878 was null and void.

The statute under which these questions arise is as follows (chapter 170, Laws of 1862) : "There shall hereafter be five superintendents of the poor in the county of Richmond, instead of the number now provided by law, one of whom shall reside in each of the towns of said county. They shall be divided into five classes, of whom one shall hold his office for one year, one for two, one for three, one for four, and one for five years, from the first day of January next."

(After providing for the selection and classification of the first elected, the statute continues as follows) :

"And there shall *annually thereafter be elected one person* to fill the office of the superintendent whose term expires on the first of January next ensuing, and who shall reside in the same town."

*A. Schoonmaker, Jr.*, Attorney-General, and *S. F. Rawson*, for the appellants.

*T. C. Vermilye, Sr.*, for the respondent.

BARNARD, P. J.

By the terms of the act, under which the superintendents of the poor of the county of Richmond are elected, after providing for the election and classification of five superintendents, so that the term of office of one shall expire every year, it is provided that there shall thereafter be annually elected one person to fill the office of the member retiring at the end of that year. (Chapter 170, Laws of 1862.) At the election, in the fall of 1873, one Heal was elected. He failed to file his bond. The supervisors appointed John S. Neville, under chapter 498, Laws of 1847. At the general election, in 1874, the defendant, Dempsey, was elected to fill the vacancy, upon the assumption that defendant only held the office during the vacancy : at the election in 1878,

at which time Heal's successor would have been elected if he had accepted the office, there was voted for, a superintendent of the poor for the full term, under a call from the office of secretary of State. At this election the relator was elected over the defendant. The question is, who holds this office? Did Dempsey take a full term, although elected to fill a vacancy; or was his election void even for the vacancy?

The Law of 1862 does not provide for filling a vacancy by election. I think the relator is entitled to this office; he was elected at the proper time, under the act of 1862. The act seems to have been based upon a rotation of one only of the board in each year. If the defendant's claim prevails that a vacancy may be filled for a new full term, it may happen that all will go out together. There is no power provided by law to fill a vacancy by the people, and without this power no election can be held. The difficulty in filling the vacancy has no relevancy as to the defendant, but, since writing the foregoing, our attention has been called to a recent decision of the Court of Appeals (*People ex rel. Hatfield* v. *Comstock.* MS. opinion), deciding that the constitutional inhibition (article 10, section 5) applies only to officers declared by the constitution to be elective, and that a superintendent of the poor is not of that class. It therefore follows that Neville's appointment was good for the whole vacancy. The decision referred to further holds with us, that an election can only be held upon the falling in of, and for a full term.

Upon all the grounds, therefore, the court below was in error, and the judgment and order vacating the verdict must be reversed, and judgment ordered for the relator upon the verdict.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order setting aside verdict for plaintiff and directing judgment for defendant reversed, and judgment ordered upon the verdict for plaintiff.

teh assignment. In the case at bar, the equities of the parties
The referee has correctly found that the plaintiff, though a pur-